FILED
CLERK

5/1/2018 11:11 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CINDY CORWISE, individually and on behalf of all others similarly situated,

                        Plaintiff,                        MEMORANDUM AND ORDER

   -against-                                        CV 17-6493 (SJF) (GRB)

FMS INVESTMENT CORP.,

                        Defendant.
-------------------------------------------------------------------X

FEUERSTEIN, District Judge

      Plaintiff Cindy R. Corwise ("Corwise") brings this putative class action against defendant FMS Investment Corp. ("FMS") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* FMS moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Corwise opposes the motion. For the reasons below, FMS's motion is granted.

## I. BACKGROUND

      The Complaint arises out of a letter, dated September 22, 2017, sent by FMS, a debt collector, to Corwise to collect an outstanding debt on behalf of the United States Department of Education ("the Letter"). *See* Docket Entry ("DE") 1-1. The Letter informs Corwise of the "Total" balance of the debt on the date the Letter was sent and itemizes those portions of the "Total" that are attributable to "Principal," "Interest," and "Fees and Cost." *Id.* The Letter also states, in relevant part: "Your account balance may be periodically increased due to the addition

of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by Federal and/or State Law." *Id.* In addition, the Letter states that plaintiff "may write [FMS] at the address listed below or call [FMS] at the telephone number provided below." *Id.* Corwise claims that the Letter violates §§ 1692g and 1692e of the FDCPA.

## II. DISCUSSION

### A. Standard of Review

The standard of review on a motion under FRCP 12(b)(6) is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a FRCP 12(b)(6) motion, the court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt., Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Moreover, in deciding a FRCP 12(b)(6) motion, the court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014). The Letter, attached as an exhibit to the Complaint, is properly considered on FMS's motion to dismiss.

B. <u>FDCPA Claims</u>

Since "the FDCPA is primarily a consumer protection statute, . . . [courts] must construe its terms in liberal fashion to achieve the underlying Congressional purpose[,] . . . [which is] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quotations, alterations and citations omitted); *see also Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 223 (2d Cir. 2015) ("In passing the FDCPA, Congress aimed 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' ") (quoting 15 U.S.C. § 1692(e)). In the Second Circuit, "the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.' " *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). "In other words, [courts] ask how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—would understand the collection notice." *Avila*, 817 F.3d at 75 (quotations and citation omitted).

As noted, Corwise claims that the Letter violates §§ 1692g and § 1692e of the FDCPA. Section 1692g requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing . . . the *amount of the debt*." 15 U.S.C. § 1692g(a)(1) (emphasis added). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Section 1692g lists the "minimum disclosures required in an initial communication," disclosures that must also comply with § 1692e. *Yuri Kobasyuk v. Capital Mgmt. Servs., LP*, No. 17-CV-07499 (BMC), 2018 WL 1785489, at *2 (E.D.N.Y. Apr. 14, 2018). "In other words, although § 1692g obligates a debt collector to disclose the amount of debt owed, the debt collector's recital of that amount must also satisfy § 1692e's requirement to not be misleading by, for instance, omitting accruing fees and interest." *Id.* ("The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector."). There is no dispute that the Letter is an "initial communication," that Corwise is a "consumer," that FMS is a "debt collector," and that Corwin's debt is a "debt" within the meaning of the FDCPA. The gravamen of Corwise's claims is that FMS failed to include in the Letter "the requisite degree of interest and fee-related disclosures, thus running afoul of . . . §§ 1692g(a)(1) and 1692e for its failure to clearly, accurately, and unambiguously convey 'the amount of the debt.'" Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Mem."), at 6.

FMS argues that the Letter does not violate either of these sections of the FDCPA because the language at issue conforms to the safe-harbor language endorsed by the Second Circuit in *Avila*. Corwise, on the other hand, argues that the Second Circuit's more recent decision in *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), not *Avila*, governs

whether an initial communication, such as the Letter, includes sufficient interest and fee-related information for the purposes of adequately conveying the "amount of the debt" under § 1692g.

In *Avila*, the plaintiff claimed that a debt collector's collection letters violated § 1692e, in that they were misleading because they stated the consumer's "current balance" but did not disclose that the balance might increase due to interest and fees. *Avila*, 817 F.3d at 74. The Second Circuit agreed, holding that § 1692e "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* at 76. The Second Circuit found the collection letters misleading because the debtor could believe that she could pay the debt in full by paying the amount listed, when that was not the case if interest was accruing or there were undisclosed fees. *Id.* at 77. To alleviate "a legitimate concern" that requiring disclosure of this information might lead debt collectors to use the threat of interest and fees to coerce payment, the Second Circuit approved and adopted the " 'safe-harbor' formula for complying with Section 1692g(a)(1)" adopted by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). *Avila*, 817 F.3d at 76. That safe-harbor language provided:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77 (quoting *Miller*, 214 F.3d at 876). The *Avila* court affirmed that, by "[u]sing the language set forth in *Miller*," a debt collector will "qualify for safe-harbor treatment" and "not be

subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees." *Id.* *Avila* made clear that it did "not hold that a debt collector must use any particular disclaimer." *Id.*  In this respect, the court also noted its approval of the following safe-harbor language suggested in *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393 (D. Conn. 2010)—which it observed "may be preferable to the extent it advises the consumer of the specific rate of increase in the debt over time": " 'As of today, [date], you owe $____. This amount consists of a principal of $____, accrued interest of $____, and fees of $____. This balance will continue to accrue interest after [date] at a rate of $____ per [date/week/month/year].' " *Avila*, 817 F.3d at 77 & n.2 (quoting *Jones*, 755 F. Supp. 2d at 397 n.7).

*Carlin* addressed the adequacy under §1692g of a "Payoff Statement" that included an estimated "Total Amount Due" and that specified that the statement would become void on a date two weeks after the statement date. *Carlin*, 852 F.3d at 211.  The *Carlin* court observed that the "Total Amount Due . . . may have included estimated 'fees, costs, additional payments, and/or escrow disbursements' that were not yet due at the time the statement was issued," and that the statement "did not indicate what those estimated fees, costs or additional payments were or how they were calculated." *Id.* at 211, 215.  Given those circumstances, the *Carlin* court held that a "payoff statement" is incomplete where, as there, "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Id.* at 216.

Corwise argues that because *Avila* addressed § 1692e it does not provide the proper standard for evaluating whether the Letter adequately states "the amount of the debt" under § 1692g. According to Corwise, *Carlin* "is a clarification and expansion of *Avila*" and governs whether an initial communication, such as the Letter, adequately states the "amount of the debt" under § 1692g. Plaintiff's Mem. at 8, 10 (emphasis omitted). In support of her position that *Carlin* clarified and expanded *Avila*, Corwise relies on recent Eastern District decisions that she claims apply *Carlin* "in the precise manner [she] advocate[s]," including *Balke v. Alliance One Receivables Mgmt., Inc.*, No. 16-CV-5624 (ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017), and *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB)(PK), 2018 WL 1189337, at *4-5 (E.D.N.Y. Feb. 16, 2018) (cited by Corwise as supplemental authority, *see* DE 19, 20). Corwise's reliance on *Carlin* is misplaced.

*Carlin* is inapplicable here because it dealt with a different situation than *Avila*. *Carlin* does not apply where, as here, the collection letter comports with the *Avila* safe-harbor language by stating the amount the debtor owes as of its date and that the amount may increase due to interest and costs. *See Kolbasyuk*, 2018 WL 1785489, at *2; *see also Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 17-CV-4472, 2018 WL 1582220, at *4 (E.D.N.Y. Mar. 30, 2018) ("In sum, neither *Carlin* nor *Balke* disturbs *Avila*'s clear guidance that '[u]sing the language set forth in *Miller* will qualify for safe-harbor treatment.' To hold otherwise would upset the reliance interests of the many debt collectors who, taking the Second Circuit at its word, drafted collection letters based on that guidance." (quoting *Avila*, 817 F.3d at 77)). In *Kolbasyuk*, cited as supplemental authority by FMS (*see* DE 21), Judge Cogan rejected an argument similar to the one Corwise raises here, cogently reasoning:

8

> As required by § 1692g, defendant's letter stated the amount plaintiff owed as of its date. In addition, using the *Avila* safe-harbor language, it stated that the amount owed may increase due to interest and fees.
>
> Plaintiff argues that under *Carlin*, the letter here violates § 1692g because it fails to list how interest and other charges are added to plaintiff's account, in what amounts, at what percentage rate, and how often such additional costs are assessed. There is, however, a key distinction between the letter in *Carlin* and the letter at issue here. *Carlin* addresses what a letter needs to do when it does not state the minimum amount owed. *Carlin* does not add on additional requirements if the letter already states the minimum amount due, rather than an estimate. That is precisely what defendant's letter did.

*Kolbasyuk*, 2018 WL 1785489, at *2. Judge Cogan's reasoning applies here as well. As in *Kolbasyuk*, the Letter "already states the minimum amount due, rather than an estimate." *See id.* Hence, the further requirements addressed in *Carlin* are not applicable here. Moreover, the Second Circuit in *Carlin* explicitly acknowledged that the safe-harbor language approved in *Avila* is sufficient for adequately stating the "amount of the debt" under § 1692g. *Carlin*, 852 F.3d at 217 n.3. In this respect, *Carlin* reaffirmed *Avila*'s approval of the language in *Jones* as one alternative to the safe-harbor language in *Miller* for satisfying § 1692g:

> As we explained in *Avila*, though not required by the text of the statute, a notice would also satisfy § 1692g if it used language such as: "As of today, [date], you owe $____. This amount consists of a principal of $____, accrued interest of $____, and fees of $____. This balance will continue to accrue interest after [date] at a rate of $____ per [date/week/month/year]."

*Id.* (quoting *Avila*, 817 F.3d at 77 n.2, in turn quoting *Jones*, 755 F. Supp. 2d at 397 n.7).

As FMS maintains, the Letter comports with the safe-harbor language approved in *Avila* (and as acknowledged in *Carlin*) for adequately stating the "amount of the debt" under § 1692g.

9

It also comports with the safe-harbor language adopted in *Avila* for satisfying the requirements of § 1692e. Accordingly, Corwise's claims fail as a matter of law and they are dismissed.

### III. CONCLUSION

For the reasons above, FMS's motion to dismiss is granted, and the Complaint is dismissed with prejudice. The Clerk of Court is directed to close the file.

SO ORDERED.

                                                _____/s/_____
                                                SANDRA J. FEUERSTEIN
                                                UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 1, 2018