MANDATE

18-1292-cv
Corwise v. FMS Investment Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          GUIDO CALABRESI,
          DEBRA ANN LIVINGSTON,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**CINDY R. CORWISE,**
          **Plaintiff-Appellant**,

          -v.-                                                    18-1292

**FMS INVESTMENT CORP.,**
          **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - -X

1

MANDATE ISSUED ON 04/10/2019

| | |
|---|---|
| **FOR APPELLANT:** | Craig B. Sanders (David M. Barshay <u>on the brief</u>), Barshay Sanders PLLC, Garden City, NY. |
| **FOR APPELLEE:** | Spencer M. Schulz (Bryan C. Shartle and Aaron R. Easley, <u>on the brief</u>), Sessions, Fishman, Nathan & Israel LLC, Metairie, LA. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Cindy R. Corwise appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>) dismissing her complaint for failure to state a claim upon which relief can be granted. Corwise alleged that FMS Investment Corporation violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>, by sending misleading debt collection letters. We assume the parties' familiarity with the underlying facts and procedural history.

FMS sent Corwise a collection letter that listed her total debt balance as of the date the letter was sent and itemized the portions of the debt attributable to principal, interest, and fees. The letter also included the following warning: "Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by Federal and/or State law." JA 12.

The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Act further requires specific disclosures by a debt collector within five days after an initial communication with a consumer, including "the amount of the

debt." Id. § 1692g(a)(1).   Corwise argues that FMS's collection letter failed to provide enough information for her to determine either the amount of debt owed at any date in the future or a date by which payment of the amount stated in the letter would be accepted as payment-in-full.

We review de novo a grant of a motion to dismiss.   Hart v. FCI Lender Servs., Inc., 797 F.3d 219, 223 (2d Cir. 2015).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   We "accept as true all of the allegations contained in a complaint," though "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Id.

In determining whether a collection notice violates the FDCPA, "we are guided by two principles of statutory construction."   Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 75 (2d Cir. 2016).   First, the Act must be construed liberally to effectuate its stated purpose.   Id.   Second, collection notices are to be looked at from the perspective of the "least sophisticated consumer."   Id.   Pursuant to this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate."   Id. (internal quotation marks omitted).

Section 1692e of the FDCPA "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."   Id. at 76.   We endorsed the following paragraph set out in a Seventh Circuit case regarding compliance with section 1692g(a)(1):

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

3

Id. at 77 (quoting Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000)).

No specific language is required, but in order to comply with section 1692e, a debt collection letter must "either accurately inform[] the consumer that the amount of the debt stated in the letter will increase over time, or clearly state[] that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date."  Avila, 817 F.3d at 77; see Kolbasyuk v. Capital Management Services, LP, -- F.3d ---, 2019 WL 1119191, at *4 (2d Cir. 2019).   FMS's letter advises that the debt may increase over time, and therefore satisfies the requirements of section 1692e.

Corwise argues that section 1692g(a)(1), which requires statement of the "amount of the debt," means debt collectors must provide enough information to allow the least sophisticated consumer to determine not only the amount owed as of the date of the letter, but also how much must be paid to resolve the debt at any given moment in the future.   However, we considered and rejected this exact argument in Kolbasyuk, 2019 WL 1119191 at *2-3.   Section 1692g(a) requires a statement of "the total, present quantity of money that the consumer is obligated to pay."  Id. at *2.   "Nothing in section 1692g require[s]" disclosure "of the constituent components of that debt or the precise rates by which it might later increase."  Id.

As detailed in Kolbasyuk, our decision in Carlin v. Davidson Fink, LLP, 852 F.3d 207 (2d Cir. 2017), is inapposite.   See Kolbasyuk, 2019 WL 1119191 at *3.   Carlin held that an initial debt collection letter inadequately discloses the amount of the debt if it contains a payoff statement that includes unaccrued fees and interest, unless it allows the customer to determine the minimum amount owed at the time of the notice and an explanation of the fees that will cause the balance to increase.   852 F.3d at 216.   In other words, an estimated amount of debt owed is not an accurate reflection of the "amount of the debt" if it includes fees and interest not yet owed.   See id. at 215-16.

FMS's letter did not contain a payoff statement estimating potential future charges.   It stated the actual total amount due on the date of mailing--broken

4

down by amount owed due to principal, interest, and fees--and further informed Corwise that the amount may increase due to interest and fees.   Because the total debt did not include unaccrued interest and fees, the letter accurately stated the "amount of the debt."

Accordingly, FMS' letter complied with section 1692g(a)(1).   Corwise's section 1692g claim fails as a matter of law.

We have considered Corwise's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit